Chief Justice Robertson,
delivered the opinion of the court.
On the 29th of March, 1824, Christian Hager drew an order in favor of the “Aiessrs. Boswells,” on Robert Grinstead, for $39.
On the 10th of January, 1828, Joseph and George Boswell obtained a judgment against Hager, before a justice of the peace, on the order, for $39, and costs.
Hager having appealed to the circuit court, a judgment was rendered against him there, on the verdict of a jury, for $50 70 cents, in commonwealth’s banknotes, the plaintiffs in that court having agreed on the record, to take such notes, in satisfaction of their judgment,
Before drawer of inland bill can be made responsible, it must be pro-waVpresented in due time, and notice of its non-ex-ceptance, or non-payment (vitron i a n vo trr-fflvUIl LUUlilW erinreasona-bio time, or satisfactory excuse shown for not doing S0‘
Duty of hoi-der of inland biffi to ry for^lrawer, and leave no-ccptance”or° non-payment domiciMf b reasonable ^ vigilance it tained thaUie has such a one
The circuit court overruled a motion for anew trial, and Hager prosecutes this writ of error, to reverse the . judgment.
The evidence exhibited in the record, does not justify the verdict.
The order is an inland bill of exchange; as such, it has ^e<?n proceeded on, in this suit. Refere the drawer can be ma(Je responsible, it should be either proved, that the order had been presented in due iime^ and that notice, 0f jfe non-acceptance, or non-payment, had been given to tbe tb’awer in a reasonable time; or some legal excuse should be satisfactorily shown, for not having given such notice, or for failing to make such presentation,
There is no proof in this case of any notice whatever, of non-acceptance, or of non-payment; nor is there any Proof of any sufficient excuse lor laihng to give notice, No fact is proved, from which the jury had a right to infer either notice,or a sufficient excuse for not giving it.
Hager’s residence was in Woodford county, llis occasional absence does not appear to have been such as to have rendered him inaccessible for nearly four years.
And if it had been proved, that he was from home, during the whole of that time, nevertheless, it was the duty of the Boswell’s to have made diligent inquiry for him, and to have left a notice at his known domicil; if, by reasonable vigilence they could have ascertained that he had such an one.
By retaining the order, the holders deprived the drawer of his right to proceed for his debt, against ihe drawee; and therefore the drawer is discharged, unless the holders had done every thing, which the law mcr-chant required, that they should have done, to entitle to their suit, against him on the order,
There is no proof, that the drawer had absconded, or that he had no funds in the hands of the drawee, or that he waived notice, or did any thing, which can render him liable, without notice.
Therefore, according to the dictates of moral justice, as well as the established principles of the “law merchant,” the defendants in error are not entitled to their ' judgment. There is not a particle of proof, which will lustain the verdict.
Bill of exchange does not necessarily extinguish the debt due from drawer to holder, and in consideration of which the bill was drawn. Nor will such bill, though received as payment, be good as such, if it prove unpro^ ductive on account of drawer’s having had no right to draw, or perhaps from any other circumstance, showing that drawer knew bill to be of no value.
Judgment cannot bo entered for com-monweaUh,s bank notes, under act of’24, in suit by holder against drawer of inland bill, although the consideration was common-' wealth’s bank notes. <
It is not even satisiactorily proved, that the order was not paid; but it is unnecessary to decide, whether the verdict should be set aside on this ground, if there had been no other sufficient objection to it.
A bill of exchange does not necessarily extinguish a pre-existing debt due from the drawer to the holder, and in consideration of which, thebill was drawn. “Neither would such a bill, if received as payment, be, in all cases, good as such; as if it should prove unproductive, from the circumstance of the drawer having no right to draw, and perhaps, from other circumstances, showing that the debtor knew the bill to be of no value.”
“The rule, which prevents the holder from recovering against the drawer or endorser, unless he has proceeded regularly to present and protest the bill, and to give notice, does not apply to the case of a creditor, suing'for his original'debt, to which is opposed a payment by bill or note; because,in the former case, the bill is received upon condition, that such diligence will be used; but in the latter case, the bill is not strictly an extinguishment, or satisfaciion of the debt, though, if by the neglect of the holder, the amount of the bill be lost, itis fair to presume, that he took it as a satisfaction, and agreed to run the risk of it.” Gallagher’s executors vs. Roberts, II Wash. C.C.R. 191.
But these doctrines do not apply availably to this case, as it is now presented, lor the following reasons.
1st. It seems, that the defendants in error, have sued on the order, as a bill of exchange, and not on the original consideration.
2d. Tiieie is no proof of what the original debt or consideration wuis.
3d. It is inferrible from the proof, that the order was given, and accepted in discharge of a parol debt due by the drawer to the holders, and that that debt was thereupon balanced as paid.
As there may be another trial of the case, in the circuit court, it is proper to notice another objection to the judgment.
Itis probable, that the consideration was common-w ealib’s paper. The judgment is for such paper; Such a judgment in such a caséis not authorized by the act of 1821.
Talbot, for plaintiffs; Chinti, for defendants*
The objection made to the jurisdiction of the magistrate, is not tenable. Thirty-nine dollars was the amount of the debt sued for, and of that sum, and in such a case a justice had jurisdiction. The fact that the interest, if the creditor be entitled to it, will augment the judgment to a sum exceeding $50, does not oust 'the magistrate of jurisdiction.
Judgment reversed, and cause remanded for a new trial.